**Hou Zhen ZHENG a.k.a. Hou Jhen Zheng, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–0297–AG.

United States Court of Appeals, Second Circuit.

Dec. 5, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Marlon A. Primes, Assistant United States Attorney, Cleveland, OH, for Respondent.

PRESENT: KEARSE, STRAUB, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Hou Zhen Zheng, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision directly where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard: "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d, 279, 287 (2d Cir.2000)). This Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam* ).

The IJ found Zheng not to be credible because (1) his testimony regarding the central events of his claim was inconsistent and implausible, (2) the written statements of Zheng and his wife were "almost verbatim account[s] regarding the operative facts" and therefore not credible, (3) the marriage date Zheng testified to was inconsistent with the date both he and his wife provided in their written statements, (4) Zheng's claim of being a fugitive was not plausible because he was able to obtain a valid passport and visa from the Public Security Bureau, (5) Zheng's claim was not plausible because he was able, from the United States, to obtain from the government notarized copies of his and his wife's birth certificates, their marriage certificate, and their son's birth certificate, and (6) Zheng's credibility is undermined by his failure to provide medical records establishing his wife's health complications after she was forced to have an IUD inserted and later forced to undergo an abortion.

"[W]hen a credibility determination analyzing testimony is based on flawed rea-

soning, it will not satisfy the substantial evidence standard." *Secaida–Rosales,* 331 F.3d at 307. Likewise, "[a]dverse credibility determinations based on speculation or conjecture, rather than on evidence in the record" fail "substantial evidence" review. *Id.* (quotation marks omitted). Here, most of the grounds cited by the IJ are speculative, unsupported by the record, and/or based on flawed reasoning. The first finding is not supported by evidence in the record; Zheng's testimony regarding the events of January 3, 2001 is neither inconsistent nor contradictory. The second finding is also not supported by the record, as the written declarations are not verbatim, but in fact differ significantly with respect to their length and focus. The IJ's fourth and fifth findings are speculative, as there is no evidence in the record regarding the systems for distributing passports, visas, or documentation such as birth certificates, and as the IJ neither took judicial notice of any further evidence nor made any effort to question Zheng on the issue. The IJ's sixth ground (lack of medical documentation) lacks substantial evidence as the IJ made no finding, nor did she pursue any line of questioning that would support such a finding, that such documentation was reasonably available. *Poradisova v. Gonzales,* 420 F.3d 70, 79 (2d Cir. 2005).

It is true that Zheng gave different marriage dates in his written account and his testimony. However, this inconsistency alone could not support the IJ's adverse credibility finding because it is peripheral to his claim, which concerns the government's efforts forcibly to prevent Zheng and his wife from having a second child. *Alvarado–Carillo v. I.N.S.,* 251 F.3d 44 (2d Cir.2001).

Because the IJ's decision is not supported by substantial, reasonable, and probative evidence in the record, the petition is granted and the case is remanded. Having completed our review, the stay of removal previously granted in this petition is VACATED.